## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Johnny J. Wood and Linda Bailey Wood,       Civil No. 08-1445 (DWF/AJB)

    Plaintiffs,

v.       **MEMORANDUM OPINION AND ORDER**

Guidant Corporation; Guidant Sales Corporation; Cardiac Pacemakers, Inc.; and Boston Scientific Corporation,

    Defendants.

---

Jay W. Harvey, Esq., Winckler & Harvey, LLP, counsel for Plaintiffs.

Jane J. Bartley, Esq., Shook, Hardy & Bacon, LLP, and Jennifer Y. Dukart, Esq., and Joseph M. Price, Esq., Faegre & Benson, LLP, counsel for Defendants.

---

## INTRODUCTION

This matter is before the Court on Guidant's[1] Motion For Judgment on the Pleadings. The Court held a telephonic hearing on Guidant's motion on July 29, 2011. Jane J. Bartley, Esq., and Joseph M. Price, Esq., appeared on behalf of Guidant. No one appeared on behalf of Plaintiffs. To date, Plaintiffs have not submitted an opposition to Guidant's motion or otherwise made contact with the Court. During the motion hearing,

---

[1] For simplicity, the Court will refer to Defendants collectively as Guidant. The Court notes that Guidant Corporation converted to Guidant LLC on February 19, 2010, and Guidant Sales Corporation converted to Guidant Sales LLC on July 31, 2010.

the Court granted Guidant's motion insofar as it also requested dismissal pursuant to Federal Rule of Civil Procedure 41(b).[2] This Memorandum Opinion and Order memorializes that ruling.

## BACKGROUND

On May 27, 2008, Plaintiffs commenced this action by filing a Complaint adopted from certain portions of the Master Complaint in the Guidant MDL, MDL No. 05-1708 (DWF/AJB).[3] Plaintiffs allege that Mr. Woods suffered damage from the November 3, 2004 implantation of his Guidant VITALITY AVT implantable cardioverter defibrillator, Model A155, serial number 106944.

The parties in the Guidant MDL entered into a settlement in December 2007. Although Plaintiffs filed their Complaint after that settlement, they were nonetheless considered part of the MDL and could have participated in the settlement. Plaintiffs opted not to do so. As a result, Plaintiffs' case was separated from the MDL but remained in this Court because Plaintiffs commenced their action here. On December 6, 2010, Chief Magistrate Judge Arthur J. Boylan issued a Pretrial Scheduling

---

[2] As noted during the telephonic hearing, Guidant based its motion on four different grounds, including moving under Federal Rule of Civil Procedure 12(c) on the basis that Plaintiffs' claims are preempted by federal law and under Federal Rule of Civil Procedure 8 for failure to state a claim under the standard announced in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). For the reasons stated on the record during the hearing, the Court need not reach those grounds; however, it notes that there is little doubt that Plaintiffs' Complaint would fail under *Twombly*.

[3] In the Guidant MDL, Guidant filed an Answer to the Master Complaint on April 30, 2007. Guidant bases the Rule 12(c) portion of its motion on Plaintiffs' Complaint and Guidant's Answer to the Master Complaint.

Order, instructing Plaintiffs to file "an amended individual complaint in this action on or before March 15, 2010." (Doc. No. 9 at ¶ 1.) Plaintiffs failed to do so.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss a case for failure to prosecute a claim or comply with court orders. Fed. R. Civ. P. 41(b). Unless otherwise specified, such a dismissal operates as an adjudication on the merits. *Id.*; *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986). Dismissing an action with prejudice under Rule 41(b) is "an extreme sanction [that] should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008) (quotation omitted).

Plaintiffs did little, if not nothing, to pursue their claims between May 2008 through December 2010. And, after participating in a status conference with Chief Magistrate Judge Boylan, they failed to comply with his December 6, 2010 Order. Given this failure and the unique time frame involved in this case, the Court finds that dismissal with prejudice under Rule 41(b) is warranted. *See Carlone v. Gagnon, Inc.*, Civ. No. 09-190 (PJS/FLN), 2009 WL 903256, at *1 (D. Minn. Apr. 1, 2009) (dismissing action under Rule 41(b) after plaintiff did not file amended complaint as directed by the Court); *see also Gaydos v. Guidant Corp.*, Civ. No. 06-32 (DWF/AJB), Doc. No. 7 (dismissing action under Rule 41(b) after plaintiff failed to file as directed by the Court a plaintiffs' fact sheet in the Guidant MDL). Moreover, Local Rule 7.1(e) further supports the Court's dismissal of Plaintiffs' action given that Plaintiffs failed to respond to

3

Guidant's Motion. *See* D. Minn. L.R. 7.1(e) ("In the event a party fails to timely deliver and serve a memorandum of law, the Court may . . . proceed in such other manner as the Court deems appropriate.)

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Guidant's Motion for Judgment on the Pleadings (Doc. No. [12]) is **GRANTED** insofar as it also requests dismissal pursuant to Federal Rule of Civil Procedure 41(b).

2. Woods' Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 17, 2011             s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge